UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIMBERLY GODOY<br><br>*Plaintiff,*<br><br>– against –<br><br>BMW OF NORTH AMERICA, LLC;<br>BMW MANUFACTURING CO., LLC;<br>ZF TRW AUTOMOTIVE HOLDINGS<br>CORP.,<br>and<br>AUTOLIV, INC.<br><br>*Defendants.* | CIVIL CASE NO. 2:16-CV-05502 DRH-SIL<br><br>ZF TRW AUTOMOTIVE HOLDINGS CORP.'S REPLY MEMORANDUM IN SUPPORT OF RULE 12(b)(2) MOTION TO DISMISS |

**DEFENDANT ZF TRW AUTOMOTIVE HOLDINGS CORP.'S
REPLY MEMORANDUM IN SUPPORT OF 12(B)(2) MOTION TO DISMISS**

Defendant ZF TRW Automotive Holdings Corp ("ZF TRW AH") is not a New York corporation nor is its principal place of business in New York. *See* Declaration of Guy Simons attached as Exhibit A to ZF TRW AH's Notice of Rule 12(b) Motion to Dismiss ("Simons Dec."), at ¶ 4. ZF TRW AH did not design, manufacture or distribute any component of Godoy's vehicle. *See* Simons Dec., at ¶ 5. In fact, there are <u>no</u> ZF TRW AH-related entities that provided any airbag related components for the driver's position in Godoy's vehicle. *See* Email from Counsel for ZF TRW AH, **Ex. A**; Weinstein Dec., **Ex. B**[1].

---

[1] A German entity, TRW Airbag Systems GmbH, produced the inflator for the air bag module in the *rear* doors of Godoy's 2000 BMW 528i. Ex. A. However, Godoy alleges she was in the *front* seat of her car, driving the vehicle at the time of the accident so the rear airbags could not have caused any of her injuries. Amended Complaint, ECF No. 51, at ¶ 1.

1

Plaintiff Godoy implicitly concedes these immutable facts. Her opposition papers make no mention of general or specific personal jurisdiction based on any of ZF TRW AH's purported direct contacts with New York. Instead, Godoy now insists ZF TRW AH is amenable to suit in New York because: (A) ZF TRW AH is the "successor-in-interest" to TRW, Inc., the purported manufacturer of "the airbags in this action;" and (B) ZF TRW AH "controls and directs" TRW Automotive U.S. LLC, a subsidiary that operates a manufacturing plant in New York. Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction ("Plaintiff's Response") at 1, § I. However, Godoy did not plead, nor can she establish, either of these allegations. And neither of these allegations – even if pleaded and proven – would support personal jurisdiction over ZF TRW AH in this case.

**A.  Plaintiff Godoy's Amended Complaint makes no mention of TRW Inc. or TRW Automotive U.S. LLC.**

Godoy raises the specter of successor liability and "control and direct" responsibility in her opposition brief. But in her Amended Complaint, the only averment regarding personal jurisdiction over ZF TRW AH is the boilerplate statement that "[a]ll Defendants . . . do business in New York through a subsidiary . . . ." ECF No. 51 at ¶ 11. Godoy's Amended Complaint never mentions TRW Inc. or asserts any successor allegations. Nor does it mention TRW Automotive U.S. LLC or assert any "control and direct" allegations. And, nowhere in her Amended Complaint does Godoy ask the Court to pierce ZF TRW AH's corporate veil. Therefore, Godoy's "last ditch effort to create personal jurisdiction must fail because 'the Complaint cannot be amended by the briefs in

opposition to a motion to dismiss.'" *Puerto Rico v. Shell Oil Co*., 07 Civ. 10470, 2015 U.S. Dist. LEXIS 163075, *27 (S.D.N.Y. 2015) (Scheindlin, J.) (citation omitted).

**B.  TRW Inc. did not make any airbag components for the subject vehicle and Godoy offers no evidence TRW Inc. was itself ever amendable to jurisdiction in New York.**

Even if this Court were to focus on the actions of TRW Inc. – which it should not – that would not change the outcome of the instant motion. TRW Inc. did not make any airbag components for Plaintiff Godoy's BMW. Ex. A. Godoy's purposefully vague allegation that BMW found "TRW" airbags in her vehicle is belied by the photos she herself produced that identify the specific "TRW" entity that made the inflators for the rear of the 2000 BMW 528i, TRW Airbag Systems GmbH.



The photo above was provided by Godoy's counsel on June 22, 2017, **Ex. C**; Weinstein Dec., Ex. B.[2] The red circled area (added for purposes of this Reply) indicates the <u>rear</u>

---

[2] Godoy makes no averments that ZF TRW AH is somehow responsible for the actions of the entity known as TRW Airbag Systems GmbH & Co. KG, nor could she. Godoy also makes no averments that TRW Airbag Systems GmbH & Co. KG is subject to jurisdiction in New York.

3

door inflator component was supplied by TRW Airbag Systems GmbH & Co. KG, an entity who is not named in Godoy's Amended Complaint.

Furthermore, Plaintiff Godoy neither pleads nor proves that TRW Inc. was itself ever amenable to personal jurisdiction in New York. TRW Inc. was an Ohio corporation with its principal place of business in California. *See* Notice of Consent to Removal filed by TRW Inc. in Civil Action No. 1:15-CV-00118-IMK, *Tanya Rose Bolyard v. General Motors, LLC, et al.*, in the United States District Court for the Northern District of West Virginia, Clarksburg Division, attached as **Ex. D**. TRW Inc. was never "at home" in New York, as the Supreme Court made clear is required in *Goodyear Dunlap Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) and *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014).

Plaintiff's unsupported claim — made only in her opposition brief —that TRW Inc. purportedly sold products to vehicle manufacturers "throughout the United States" is not a sufficient basis for assuming TRW Inc. could have been sued in New York in this case. *Cf.* Plaintiff's Response at 6. "The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Asahi Metal Indus. Co., Ltd. v. Superior Court*, 480 U.S. 102, 111 (1987) (plurality opinion). *See also J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 879, 891 (2011) (rejecting the notion a manufacturer is subject to personal jurisdiction in a specific state because its products will be distributed nationwide). If TRW Inc. was not subject to personal jurisdiction in New York itself, then there is no reason why ZF TRW AH—its purported successor—would be subject to jurisdiction in New York either.

**C. TRW Automotive U.S. LLC did not make any airbag components for the subject vehicle and Godoy's cannot impute the irrelevant contacts of TRW Automotive U.S. LLC to ZF TRW AH.**

In her opposition brief (but not in her Amended Complaint), Plaintiff Godoy suggests that TRW Automotive U.S. LLC's factory in New York also manufactured "the airbags that are the basis of this litigation." Plaintiff's Response at 5. Plaintiff is incorrect. TRW Automotive U.S. LLC's factory in New York manufactures remote keyless entry systems, tire pressure monitoring systems, and passive entry systems. Goodman Dec., attached as **Ex. E**, at ¶ 7. TRW Automotive U.S. LLC's factory does not design, manufacture, or distribute *any airbag system components*, including airbag inflators. *Id.* And, TRW Automotive U.S. LLC's factory did not design, manufacture or distribute any components of Godoy's 2000 BMW 528i. *Id.* at ¶ 8.

Moreover, TRW Automotive U.S. LLC would not be subject to general personal jurisdiction in New York. It is a Delaware entity with its principal place of business in Michigan. Goodman Dec., Ex. E, at ¶ 5. "When a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how 'systematic and continuous,'" are insufficient to "expose it to suit on claims having no connection whatever to the forum State." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 629 (2d Cir. 2016 (quoting *Daimler*, 134 S. Ct. at 761-62).

Nor would TRW Automotive U.S. LLC be subject to specific personal jurisdiction here. "Specific jurisdiction is available when the cause of action sued upon arises out of the defendant's activities in the state." *Brown*, 814 F.3d at 625. While TRW Automotive U.S. LLC does have one factory in New York (amongst eight around the country), its work

5

in New York has nothing to do with Godoy's claims. *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017) ("Nor is it sufficient—or even relevant—that BMS conducted research in California on matters unrelated to Plavix."). TRW Automotive U.S. LLC had nothing to do with Godoy's vehicle or the airbags in it. Goodman Dec., Ex. E, at ¶¶ 7-8. "If the activities of [TRW Automotive U.S. LLC] are insufficient to subject itself to jurisdiction, then they cannot be sufficient to subject [ZF TRW AH] to jurisdiction." *Boyce v. Cycle Spectrum, Inc.*, 148 F. Supp. 3d 256, 269 (E.D.N.Y. Dec. 8, 2015) (Weinstein, J.).

This disconnect between Godoy's claims and TRW Automotive U.S. LLC—the only entity to which Godoy points for purported New York contacts— is glaring. Any analysis of whether or not ZF TRW AH "controls and directs" TRW Automotive U.S. LLC is totally irrelevant. Imputing meaningless contacts is, quite simply, meaningless from a jurisdictional perspective. But equally problematic for Godoy is the lack of any basis by which to impute TRW Automotive U.S. LLC's meaningless New York contacts to ZF TRW AH.

Godoy suggests ZF TRW AH and TRW Automotive U.S. LLC both have management teams that report to ZF Friedrichshafen AG ("ZF").[3] Plaintiff's Response at

---

[3] Plaintiff bases much of her briefing on an unreported 2001 opinion from the District of Columbia. *See* Plaintiff's Response at 5, 7, 8 (quoting and citing *In re Vitamins Antitrust Litig.*, No. 99-197, 2001 U.S. Dist. LEXIS 25073 (Oct. 30, 2001)). This 2001 opinion—a case never cited again by any court anywhere, let alone in the New York—predates a slew of recent United States Supreme Court cases, including *Goodyear Dunlap Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011); *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014); *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1395 (2017); and *BNSF Railway Co. v. Tyrell*, 137 S.Ct. 1549 (2017). The analysis in *In re Vitamins* is quite similar to the old "agent" or "mere department" cases in New York that looked to common ownership, financial dependency, interference with corporate formalities, and control

6

5, 8 (alleging "both facilities are managed by management personnel that report to Dr. Kleiner," a member of ZF's board of management). But, general policymaking, shared logos, and the presentation by a parent of a unified corporate family is insufficient to permit the disregarding corporate separateness. *See Reers v. Deutsche Bahn AG*, 320 F. Supp. 2d 140, 157-58 (S.D.N.Y. 2004) ("[I]t is not clear whether plaintiffs' allegations with respect to [the parent's] employment, environmental, risk prevention, and other policymaking show anything more than the ordinary control that parent corporations exert over their subsidiaries [and] the fact that subsidiaries share a logo, or that the parent decides to present several corporations on a website in a unified fashion, is insufficient to show lack of formal separation between the two entities.").

Godoy also claims that ZF TRW AH and TRW Automotive U.S. LLC are both members of the larger ZF "family." Plaintiff's Response at 9. But merely being a member of a corporate "family" is insufficient to allow TRW Automotive U.S. LLC's New York contacts to be imputed to ZF TRW AH. *See Janzini v. Nissan Motor Co.*, 148 F.3d 181 (2d Cir.1997) (rejecting allegations that Nissan Japan was present in New York based on the contacts of its American subsidiary, Nissan U.S.A., even where plaintiff alleged Nissan Japan directed the manufacturing operations of its American subsidiary); *Boyce*, 148 F.

---

over operations. But as Southern District of New York Judge Broderick noted in *American Lecithin Co. v. Rebmann*, 12-CV-929, 2017 U.S. Dist. LEXIS 162037, *16 n.6 (S.D.N.Y. Sept. 30, 2017), the "Supreme Court expressed some doubt regarding the ongoing viability of mere department theory" in *Bauman*. *See also Ranza v. Nike, Inc.*, 793 F.dd 1059, 1071 (9th Cir. 2015) ("The agency test is therefore no longer available … to establish jurisdiction …."). Furthermore, in *In re Vitamins*, the parent entity admitted it maintained the right to approve decisions of its subsidiaries' boards. *Id.* at *28. There is no such admission or evidence in this case.

Supp. 3d at 269 (rejecting allegation of American "HL" entity as mere "arm" of foreign "HL" parent because plaintiff made "no showing of alter ego . . . which would permit piercing of each company's corporate veil.").

"The presence of a wholly owned subsidiary in New York is normally an insufficient basis for establishing jurisdiction." *Tansey v Cochlear Ltd.*, No. 13-CV 4628, 2014 U.S. Dist. LEXIS 138250, *10 (E.D.N.Y. Sept. 26, 2014). The *Tansey* court held that simply because Cochlear Americas sold Cochlear Limited products in New York did not justify imputing Cochlear Americas' contacts to Cochlear Limited. *Id.* at **9-10. Like the Cochlear entities, ZF TRW AH maintains its own books, separate from ZF and TRW Automotive U.S. LLC. *Tansey*, 2014 U.S. Dist. LEXIS 138250 at *10; Simons Dec., at ¶ 7.t. And, like the Cochlear entities, ZF TRW AH and its subsidiaries—including TRW Automotive U.S. LLC—are separate entities that adhere to all corporate formalities. *Tansey*, 2014 U.S. Dist. LEXIS 138250 at *10; *see* Simons Dec., at ¶ 7.a, b, c, d, and s. "No grounds exist[ed] to impute CAM's presence in the state to CLTD," and no grounds exist to impute TRW Automotive U.S. LLC's presence in New York to ZF TRW AH. *Tansey*, 2014 U.S. Dist. LEXIS 138250 at *12.

**D.     Plaintiff Godoy has shown no need for jurisdictional discovery.**

Without citation to a single case, Godoy presumes a right to jurisdictional discovery. Plaintiff's Response at 1, 10. Godoy contends that discovery will allow her to show "ZF TRW AH controls and directs the activities of the wholly owned subsidiary, TRW Automotive LLC…" *Id.*

8

This is the exact scenario Judge Weinstein confronted in *Tansey v. Cochlear Ltd.* There, plaintiff requested an opportunity to conduct discovery into "jurisdiction over a parent entity through the acts of the subsidiary." *Tansey*, 2014 U.S. Dist. LEXIS 138250 at (13-14. And as in *Tansey*, Plaintiff "does not identify the available information" she seeks to "pierce the corporate veil." *Id.* The evidence before the Court demonstrates ZF TRW AH does *not* control or direct its 100% owned subsidiary, TRW Automotive U.S. LLC. Simons Dec., at ¶ 7.s. Moreover, even if Godoy could somehow pierce the veil between ZF TRW AH and TRW Automotive U.S. LLC—and she cannot—the only fruits of such efforts would be irrelevant contacts of a company that had nothing to do with the subject 2000 BMW 528i. Goodman Dec., Ex. E, at ¶¶ 7-8.

Godoy has not pleaded or established a *prima facie* case for jurisdiction over ZF TRW AH. The Court is, therefore, fully justified in denying jurisdictional discovery. *See Janzini*, 148 F.3d at 185-86 (affirming denial of discovery absent *prima facie* case of jurisdiction, even in light of plaintiffs' allegations of "pervasive control" over American subsidiary). *See also Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 255 (2d Cir. 2007) (applying abuse of discretion standard to district court's decision not to permit jurisdictional discovery). Godoy's nebulous allegations of a familial relationship between ZF TRW AH and TRW Automotive U.S. LLC are insufficient to allow a "jurisdictional mining expedition." *In re Platinum & Palladium Antitrust Litig.*, 1:14-cv-9391-GHW, 2017 U.S. Dist. LEXIS 46624, *153 (S.D.N.Y. March 28, 2017) (declining application for jurisdictional discovery).

## CONCLUSION

ZF TRW AH is not subject to general or specific jurisdiction in New York. There is no basis for imputing contacts of TRW Inc. or TRW Automotive U.S. LLC to ZF TRW AH, nor would such imputed contacts matter anyway. Accordingly, ZF TRW AH respectfully requests the Court grant its motion to dismiss, issue an order dismissing ZF TRW AH, and award to ZF TRW AH any such other and further relief as the Court deems just and proper.

Dated: October 17, 2017

Respectfully submitted,

By:   /s/ B. Keith Gibson
     James Ughetta (JU9571)
     B. Keith Gibson (BG8063)
     LITTLETON PARK JOYCE & KELLY LLP
     The Centre at Purchase
     4 Manhattanville Road, Suite 202
     Purchase, NY 10577
     Telephone: 212.404.5777
     james.ughetta@littletonpark.com
     keith.gibson@littletonpark.com

     **Attorneys for Defendant**
     **ZF TRW Automotive Holdings Corp.**

## CERTIFICATE OF SERVICE

      I certify I served the foregoing document on all counsel of record via the Court's CM/ECF system in compliance with Rule 5 of the Federal Rules of Civil Procedure, on October 17, 2017.

                                                   /s/ B. Keith Gibson
                                                   B. Keith Gibson