

NEW YORK CITY
PURCHASE, NY
RED BANK, NJ
LOS ANGELES
PHILADELPHIA

October 25, 2017

**VIA ECF**
The Honorable Denis R. Hurley
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    **Re:**   *Kimberly Godoy v. BMW of North America LLC, et al.*
            Civil Action No. 16-CV-05502
            <u>Our File No.:  00102.00011</u>

**RULE 3 REQUEST FOR PREMISSION TO FILE**
**MOTION FOR STAY OF DISCOVERY**

Dear Judge Hurley:

We represent defendant ZF TRW Automotive Holdings Corp. ("ZF TRW AH") in the above-referenced lawsuit.  As Your Honor is aware, ZF TRW AH has filed a motion to dismiss plaintiff's Amended Complaint on the grounds that it is not subject to personal jurisdiction in New York.  ZF TRW AH's fully-briefed motion was filed with the Court on October 17, 2017.  (D.E. 62, 64, 65.)

On August 28, 2017, the parties appeared for a status conference before Magistrate Judge Stephen Locke.  At the status conference, Judge Locke issued a Scheduling Order (D.E. 50) requiring the parties to provide their Rule 26(a)(1) initial disclosures as well as their first sets of interrogatories and document demands by October 30, 2017.

Pursuant to Rule 3 of Your Honor's Individual Practice Rules, ZF TRW AH requests a Pre-Motion Conference and for leave to file a motion for a stay of discovery until Your Honor rules on ZF TRW AH's pending jurisdictional motion.  As explained in its motion to dismiss, ZF TRW AH is not subject to personal jurisdiction in New York.  Moreover, ZF TRW AH did not supply any components for plaintiff's vehicle and, therefore, any discovery against ZF TRW AH would have no relevance to the merits of plaintiff's claims.  Under these circumstances, ZF TRW AH respectfully requests that the Court stay discovery in this action until the pending motion to dismiss has been decided.

Pursuant to Federal Rule of Civil Procedure 26(c), a district court may stay discovery during the pendency of a motion to dismiss for "good cause shown."  *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, CV 05-4294, 2006 U.S. Dist. LEXIS 94944, at *3 (E.D.N.Y. Mar. 31, 2006); *United*

Our File No.: 00102.00011
Page 2

*States v. County of Nassau*, 188 F.R.D. 187, 188 (E.D.N.Y. 1999).  In considering whether a stay is warranted, courts consider the following factors: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay.  *See In re Currency Conversion Fee Antitrust Litig.*, No. MDL 1409, M21-95, 2002 U.S. Dist. LEXIS 974, at *1 (S.D.N.Y. Jan. 22, 2002); *Port Dock & Stone*, 2006 U.S. Dist. LEXIS 94944 at *4.  All these factors weigh in favor of a stay of discovery against ZF TRW AH pending a decision on its jurisdictional motion.

*First*, as discussed in detail in its papers filed in support of its motion to dismiss, ZF TRW AH is not subject personal jurisdiction in New York.  ZF TRW AH is a Delaware corporation with its principal place of business in Michigan, and it has no corporate presence in New York.  As a result, ZF TRW AH is not "at home" in New York and is not subject to general jurisdiction.  Additionally, ZF TRW AH is a holding company that manufactures no products whatsoever and, therefore, did not supply any components for plaintiff's vehicle.  Therefore, ZF TRW AH is not subject to specific jurisdiction in New York in connection with this action.

In her opposition, plaintiff effectively concedes that ZF TRW AH's activities are insufficient to establish jurisdiction over it in New York, as she fails to address the arguments set forth by ZF TRW AH in its moving brief.  Rather, plaintiff argues that the purported activities of other TRW entities can be imputed to ZF TRW AH for purposes of jurisdiction.  However, even if plaintiff accurately depicted the activities of other TRW entities in her opposition brief – which she did not – that would not be sufficient to defeat ZF TRW AH's motion.  Nowhere in her Amended Complaint does plaintiff mention any of these other TRW entities, nor does she include any allegations tying those entities to ZF TRW AH.  Plaintiff cannot raise these unfounded allegations for the first time in her opposition brief.  *See Puerto Rico v. Shell Oil Co.*, 07 Civ. 10470, 2015 U.S. Dist. LEXIS 163075, *27 (S.D.N.Y. 2015) (denying plaintiff's attempt to creating personal jurisdiction because "the complaint cannot be amended by the briefs in opposition to a motion to dismiss").  Under these circumstances, ZF TRW AH has made a strong showing that it is not subject to personal jurisdiction in New York and, therefore, plaintiff's claims against it are unmeritorious.

*Second*, any discovery that ZF TRW AH is required to respond to is overbroad and unduly burdensome given that it is not subject to this Court jurisdiction.  This burden is only heightened by the fact that ZF TRW AH played no role in designing, manufacturing, selling or distributing any of the components at issue in this action.

*Third,* there is no prejudice plaintiff through the granting of a stay.  As discussed in ZF TRW AH's motion to dismiss, in addition to not being subject to personal jurisdiction, ZF TRW AH did not supply any content for plaintiff's vehicle.  In fact, ZF TRW AH does not design or manufacture any products.  As a result, ZF TRW AH would not provide any discoverable information relevant to plaintiff's claims even if it was subject to jurisdiction – which it is not.  Under these circumstances, plaintiff will not be prejudiced by being required to bring the proper defendants into this lawsuit.

LITTLETON PARK JOYCE UGHETTA & KELLY LLP

In determining whether to issue a stay, courts may also consider whether some or all of the defendants have joined in the request for a stay and the posture or stage of the litigation.  *See Hachette Distribution, Inc. v. Hudson County News Co., Inc.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991).  These factors weigh in favor of staying discovery as well.  Co-defendants Autoliv Inc. and Autoliv ASP Inc. (collectively the "Autoliv Defendants") are also filing a motion to dismiss for lack of personal jurisdiction, and briefing on that motion is scheduled to be filed on December 19, 2017.  The Autoliv Defendants have indicated that they join in ZF TRW AH'S application for a stay of discovery until the jurisdictional motions have been decided.  The remaining defendants, BMW Manufacturing Co. and BMW of North America, LLC, do not oppose or otherwise take a position on ZF TRW AH's request for a stay.

Finally, the fact that discovery is at its infancy further supports a stay of discovery.  It would be more economic and efficient to all parties to ensure that the proper parties are named and served in the action before proceeding with merits discovery.

Accordingly, pursuant to Rule 3 of Your Honor's Individual Practice Rules, ZF TRW AH requests a pre-motion conference and for leave to file a motion to stay discovery until the Court has ruled on ZF TRW AH's motion to dismiss for lack of personal jurisdiction.  By seeking this relief, ZF TRW AH is not waiving any of its rights or defenses, including, of course, its challenge to personal jurisdiction in New York.

Respectfully submitted,

**LITTLETON PARK JOYCE UGHETTA & KELLY LLP**

*/s/ Keith Gibson*

B. Keith Gibson

cc:     All Counsel of Record (*Via CM/ECF*)