UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------×

KIMBERLY GODOY,

        *Plaintiff*,

      *v.*

BMW OF NORTH AMERICA, LLC;
BMW MANUFACTURING CO., LLC;
ZF TRW AUTOMOTIVE HOLDINGS CORP.;
AUTOLIV, INC. and AUTOLIV ASP, INC.
        *Defendants.*

-----------------------------------------------------------------------×

**2:16-cv-05502 (DRH) (SIL)**

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS AUTOLIV, INC.
AND AUTOLIV ASP, INC.'S MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT PURSUANT TO RULE 12(b)(2)**

---

Peter J. Fazio (PJF 1211)
Walsy K. Sáez Aguirre (WS0759)
AARONSON RAPPAPORT
FEINSTEIN & DEUTSCH, LLP
*Attorneys for Defendants*
Autoliv, Inc. and Autoliv ASP, Inc.
600 Third Avenue
New York, NY 10016
pjfazio@arfd.com
wksaez@arfd.com
(212) 593-6700

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ...................................................................................... 1

STATEMENT OF FACTS ............................................................................................. 4

    I.   Plaintiff's Lawsuit ............................................................................ 4

    II.  Jurisdictional Facts ........................................................................ 6

STANDARD ................................................................................................................. 7

ARGUMENT ................................................................................................................ 9

    I.   Plaintiff Fails to Establish *Prima Facie* General Jurisdiction over the Autoliv Defendants Because her Jurisdictional Allegations Are Insufficient to Demonstrate that these Defendants Are "Essentially at Home" in the State of New York and Any Attempt to Amend Would be Futile as the Moving Defendants are Not "at Home" in the State of New York. ......................... 9

    II.  Plaintiff Also Fails to Establish *Prima Facie* Specific Jurisdiction over the Autoliv Defendants Because her Jurisdictional Allegations Are Insufficient to Satisfy the "Minimum Contacts" Test and Any Attempt to Amend Would Be Futile. ....................................................................... 14

    III.  Plaintiff Is Also Unable to Demonstrate that the Autoliv Defendants Are Subject to Specific Jurisdiction Under New York's Long-Arm Statute, C.P.L.R. Section 302. ...................................................................... 18

CONCLUSION ............................................................................................................. 20

# TABLE OF AUTHORITIES

**Cases**

*Amburgey v. Atomic Ski USA, Inc.*, No. 2:06-cv-149-GZS, 2007 U.S. Dist. LEXIS 36424 (D. Me. May 17, 2007)...................................................................................................................... 17

*Anchor v. Novartis Grimsby, Ltd.*, 282 Fed. Appx. 872 (2d Cir. 2008) ........................................ 7

*BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549 (2017)......................................................... 1, 2, 9

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S. Ct. 1773 (2017) ........................ passim

*Brown v. CBS Corp.*, 19 F. Supp. 3d 390 (D. Conn. 2014) ........................................................... 11

*Burger King v. Rudzewicz*, 471 U.S. 462 (1985) ..................................................................... 15

*Carrs v. Avco Corp.*, 124 A.D.3d 710 (2nd Dep't 2015)............................................................ 2

*Cuoco v. Moritsugu*, 222 F.3d 99 (2d Cir. 2000)..................................................................... 13

*D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006)............................................. 8, 19

*Daimler A.G. v. Bauman*, 134 S. Ct. 746 (2014) ..................................................................... passim

*Deutsche Bank Securities, Inc. v. Montana Board of Investments*, 7 N.Y.3d 65 (N.Y. 2006) ..... 15

*Dorchester Fin. Secs., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81 (2d Cir. 2013)........................... 7, 13

*Ehrenfeld v. Bin Mahfouz*, 9 N.Y.3d 501 (N.Y. 2007) ............................................................... 19

*Fabara v. GoFit, LLC*, 308 F.R.D. 380 (D.N.M. May 28, 2015)................................................. 11

*Fernandez v. DaimlerChrysler, A.G.*, 143 A.D.3d 765 (2nd Dep't 2016) ................................. 2

*George v. Uponor Corp.*, 988 F. Supp. 2d 1056 (D. Minn. 2013) ............................................. 11

*Giduck v. Niblett*, 2014 COA 86 (Colo. App. 2014)............................................................ 16, 18

*Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408 (1984)............................. 14, 16, 18

*In re Dental Supplies Antitrust Litig.*, No. 16 Civ. 696 (BMC) (BRB), 2017 U.S. Dist. LEXIS 153265 (E.D.N.Y. Sept. 20, 2017) ........................................................................................ 19

*Int'l Shoe Co. v. Wash.*, 326 U.S. 310 (1945) ......................................................................... 9

*J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873 (2011) ......................................................... 15

*Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181 (2d Cir. 1998) ........................................... 7, 13

*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984)..................................................... 14, 16, 18

*LaMarca v. Pak-Mor Mfg. Co.*, 95 N.Y.2d 210 (N.Y. 2000) ..................................................... 9

*Lexicon Med. v. SurgiQuest, Inc.*, 8 F. Supp. 3d 1122 (D. Minn. 2014) ................................. 11

*Licci v. Lebanese Canadian Bank*, 20 N.Y.3d 327 (N.Y. 2012) ......................................... 15, 19

*Marcio Magdalena v Eduardo Lins, et al.*, 123 A.D.3d 600 (1st Dep't. 2014)........................... 2

*Overstock.com, Inc. v. New York State Department of Taxation and Finance*, 20 N.Y.3d 586 (2013) ................................................................................................................................. 15, 16

*Patel v. Patel*, 497 F. Supp. 2d 419 (E.D.N.Y. 2007)........................................................... 7

*Penguin Group (USA) Inc. v. Am. Buddha*, 609 F.3d 30 (2d Cir. 2010) ..................................... 7

*Sole Resort. S.A. de C.V. v. Allure Resorts Mgmt. LLC*, 450 F.3d 100 (2d Cir. 2006)................ 19

*Sonera Holding B.V. v. Cukurova Holdings A.S.*, 750 F.3d 221 (2d Cir. 2014)........................ 10

*Stroud v. Tyson Foods, Inc.*, 91 F. Supp. 3d 381 (E.D.N.Y. Mar. 10, 2015)........................ 11, 14

*Techreserves Inc. v. Delta Controls, Inc.*, No. 13 Civ. 752 (GBD), 2014 U.S. Dist. LEXIS 47080 (S.D.N.Y. 2014) ................................................................................................................. 13

*Universal Trading & Inv. Co. v. Credit Suisse (Guernsey) Ltd.*, 560 Fed. Appx. 52 (2d Cir. 2014) ......................................................................................................................................... 7

*Walden v. Fiore*, 134 S. Ct. 1115 (2014).............................................................................. passim

*Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001) ............................................... 7

*Wilson v. Dantas*, 128 A.D.3d 176 (1st Dep't., Apr. 14, 2015)................................................... 15

**Statutes**

C.P.L.R. § 302(a)(1) ............................................................................................... 5

FED. R. CIV. P. 12(b)(2) .......................................................................................... 9

## PRELIMINARY STATEMENT

This is a personal injury and product liability action based on a single-vehicle incident that occurred on July 10, 2015 in Farmingdale, New York. Plaintiff Kimberly Godoy claims that as a result of defects in the airbag system and electronic circuitry of her 2000 BMW Model 528i (the "Subject Vehicle"), the vehicle's airbags suddenly deployed while she was driving, and injured her face and body. Based on this incident, Plaintiff sued BMW of North America, LLC; BMW Manufacturing Co., LLC; ZF TRW Automotive Holding Corp.; Autoliv, Inc. and Autoliv ASP, Inc. on September 8, 2017. (*See* Amended Complaint, annexed as **Exhibit "A**.") On September 28, 2017, counsel for Autoliv, Inc. and Autoliv ASP, Inc. (the "Autoliv Defendants") requested the Court's leave to file a pre-answer motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedures. On October 13, 2017, the Court waived its requirement for a pre-motion conference and permitted the Autoliv Defendants to file the instant pre-answer motion.[1]

Plaintiff's claims against the Autoliv Defendants should be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure because the Court lacks personal jurisdiction over the moving defendants. First, New York courts do not have general or "all purpose" jurisdiction over the Autoliv Defendants. *See BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558-59 (2017); *Daimler A.G. v. Bauman*, 134 S. Ct. 746, 762 (2014). There is no general jurisdiction over the Autoliv Defendants because these defendants are not "at home" in the state of New York, and Plaintiff's lawsuit does not arise from any contact the Autoliv Defendants made with the state of New York. *See Daimler*, 134 S. Ct. at 762; *Bristol-Myers Squibb Co. v. Superior Ct.*

---

[1] On October 13, 2017 the Court ordered that the Autoliv defendants shall serve, but not file, moving papers on or before November 8, 2017; plaintiff shall serve, but not file, opposing papers on or before December 5, 2017; defendants shall serve reply papers, if any, and file all papers with the Court, including a courtesy copy for Chambers, on or before December 19, 2017.

*of Cal.*, 137 S. Ct. 1773, 1778 (2017).  As the United States Supreme Court held in *Daimler*, a corporation is at home only (i) where it is incorporated and (ii) where it has its principal place of business, unless there are exceptional circumstances, which are not present here.  134 S. Ct. at 760; *BNSF*, 137 S. Ct. at 1558-59.  New York State Appellate Courts have followed the *Daimler* decision.  *See e.g.*, *Fernandez v. DaimlerChrysler, A.G.*, 143 A.D.3d 765, 766 (2nd Dep't 2016); *Carrs v. Avco Corp.*, 124 A.D.3d 710 (2nd Dep't 2015); *Marcio Magdalena v Eduardo Lins, et al.,* 123 A.D.3d 600 (1st Dep't. 2014) (finding that there was no basis for general jurisdiction over the corporate defendant pursuant to C.P.L.R. Section 301 because the defendant was not incorporated in New York and did not have its principal place of business in New York).

Here, the Autoliv Defendants are foreign corporations headquartered outside of the state of New York.  Autoliv, Inc. is a Delaware corporation headquartered in Stockholm, Sweden.  In fact, Plaintiff admitted in her Amended Complaint (the "Complaint") that Autoliv, Inc. is incorporated under the laws of Delaware and has its principal place of business in Stockholm, Sweden.  (Compl. Ex. A, at ¶ 21.)  Autoliv, Inc. does not and has never designed, manufactured, or distributed seatbelt restraints or airbag systems.  It is a global holding company and the parent corporation of over eighty (80) wholly-owned subsidiaries that are separate legal entities.  As a holding company, Autoliv, Inc. did not participate in the design, manufacture, or distribution of the airbag systems in the Subject Vehicle, or in any products whatsoever.  (*See* Declaration of Lars Sjöbring, annexed as **Exhibit "B**.")

The other named Autoliv Defendant, Autoliv ASP, Inc. ("Autoliv ASP"), is an Indiana corporation with its principal place of business in Utah.  Indeed, Plaintiff concedes in her Complaint that Autoliv, Inc. is not incorporated or has its principal place of business in the state of New York.  (*See* Compl. Ex. A, at ¶ 21.)  Autoliv ASP also does not maintain offices in the

state of New York and does not design or manufacture automobile component parts in the state of New York.  (*See* Declaration of Anthony Nellis, annexed as **Exhibit "C."**)

As the Autoliv Defendants are not incorporated or headquartered in New York, and do not design, manufacture or distribute automobile parts in New York, their contacts and affiliations with this state are not "so continuous and systematic as to render [them] essentially at home" in this forum.  *Daimler*, 134 S. Ct. at 761 (citations omitted) (finding that there was no general jurisdiction over the corporate defendant because neither the corporation nor its U.S subsidiary were incorporated or had a principal place of business in California, and that the corporations' "slim contacts" with the state were not so continuous and systematic as to render the corporation essentially at home in the state and subject them to suit in California).

Second, New York courts do not have specific jurisdiction over the Autoliv Defendants under Section 302(a)(1) of the New York Civil Practice Law and Rules ("C.P.L.R.").  A defendant is subject to specific jurisdiction in New York if the plaintiff's allegations arise from the defendant's contacts with the state of New York.  C.P.L.R. § 302(a)(1).  Here, Plaintiff barely attempted to plead specific jurisdiction.  She merely presented conclusory allegations that the Autoliv Defendants "develop, manufacture, market, sell and distribute automotive safety systems and airbag technology in the United States of America and for all automotive manufacturers in the world, including BWM Defendants," and that they "are the designers, developers, manufacturers and distributors of the airbags and airbag components" of the Subject Vehicle.  (Compl. Ex. A, at ¶ 23.)

Plaintiff is unable to offer other plausible bases for jurisdiction because the Subject Vehicle and its component parts were brought to the state of New York only through the actions of other parties or non-parties, and not the Autoliv Defendants, and the Constitution does not

grant jurisdiction based on the "activity of another party or a third person." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) (quotations omitted). Plaintiff's allegation that she was injured in Nassau County does not by itself establish jurisdiction, because injury to a state resident within the state of New York is not sufficient to exercise specific jurisdiction. *See id.*, at 1125 (noting that mere injury to a forum resident is insufficient to prove a connection to the forum that would warrant specific jurisdiction). The Autoliv Defendants did not participate in the design, manufacture, or sale of the Subject Vehicle or its component parts (including its airbag systems) in the state of New York. (*See* Sjöbring Decl. Ex. B; Nellis Decl. Ex. C.) Based on the fact that neither general nor specific personal jurisdiction over the Autoliv Defendants is proper in this case, Plaintiff's Complaint against the Autoliv Defendants must be dismissed in its entirety.

## STATEMENT OF FACTS

### I.  Plaintiff's Lawsuit

On September 8, 2017, Plaintiff filed an amended complaint against BMW of North America, LLC; BMW Manufacturing Co., LLC; ZF TRW Automotive Holding Corp.; and the Autoliv Defendants. In the Complaint, Plaintiff alleges that on July 10, 2015, around 10:45 a.m., the airbags in her fifteen-year-old 2000 BMW Model 528i suddenly deployed and struck her in the face, shoulders and chest, as she was driving eastbound on the Hempstead Turnpike at thirty (30) miles per hour. She alleges that the Subject Vehicle had not struck or been struck by another vehicle or object, and that the airbag system deployed as a result of a defective inflator and/or electronic module in the vehicle. She claims that as a result of the incident, she suffered injuries requiring medical and physical therapy, and that Plaintiff's automobile insurer deemed the Subject Vehicle "totaled." Plaintiff asserts claims of negligence, products liability based on manufacturing defects, failure to warn, and violations of Section 349 of the New York General Business Law against all defendants. She seeks to recover damages for loss of property for the

alleged destruction of the Subject Vehicle, in addition to compensatory damages for pain and suffering.

With respect to the moving Defendants, Plaintiff alleges that the Autoliv Defendants "develop, manufacture, market, sell and distribute automotive safety systems and airbag technology in the United States of America and for all automotive manufacturers in the world, including BWM Defendants," and that they "are the designers, developers, manufacturers and distributors of the airbags and airbag components" of the Subject Vehicle. (Compl. Ex. A, at ¶ 23.) Plaintiff alleges that the Autoliv Defendants' "manufactured parts initiate the process to activate seat belts pretensioners and to deploy airbags." (*Id.* at ¶ 73.)

Plaintiff describes Autoliv, Inc. as "the leading supplier of active and passive safety systems for the automobile industry both globally [*sic*] and in the United States." (*Id.* at ¶ 21.) She depicts Autoliv ASP as a company that "engages in the manufacture, development and distribution of active and passive safety systems, including airbag inflators, modules, airbag cushions…and knee bolster airbag systems for the automotive industry in the United States and internationally." (*Id.* at ¶ 22.) Plaintiff claims "the airbag modules and/or airbags manufactured by Autoliv Defendants either caused or contributed to the inadvertent airbag deployment that forms the basis of this action." (*Id.* at ¶ 71.)

However, the Autoliv Defendants did not, and have not, participated in the design, manufacture, supply or even the sale of any airbag systems, or the Subject Vehicle's airbag system, within the state of New York. (*See* Sjöbring Decl. Ex. B; Nellis Decl. Ex. C.) These Defendants were not involved in any activity at all relating to the manufacturing or sale of the Subject Vehicle, or its component parts, in the state of New York. As a holding company, Autoliv, Inc. does not design, manufacture, assemble, sell, deliver, distribute, supply, furnish or

test any products.  (Sjöbring Decl. Ex. B ¶ 5-6.)  Autoliv, Inc. only maintains ownership interest in other companies as a holding corporation.  (*Id.* at ¶ 6.)  Autoliv ASP did not design or manufacture any automobile component parts in the State of New York.  Autoliv ASP, does not have any manufacturing plants in the State of New York; does not have any offices in the State of New York; and does not engage in the design, development, or manufacturing of vehicle component parts in the State of New York. (*See* Nellis Decl. Ex. C ¶ 5-9.)

## II.    Jurisdictional Facts

As previously stated, the Autoliv Defendants are not New York corporations and do not have their principal place of business within the state of New York.  Autoliv, Inc. is a Delaware corporation with headquarters in Stockholm, Sweden.  (Sjöbring Decl. Ex. B ¶ 3.)  It is a global holding company with over eighty (80) subsidiaries.  Autoliv, Inc. does not, and has never, designed, manufactured, or distributed airbag or safety systems for vehicles whatsoever, as its purpose is merely to serve as the parent corporation of multiple wholly-owned subsidiaries that are separate legal entities.  (*Id.* at ¶ 5-6.)  Additionally, Autoliv, Inc. does not have any offices in the state of New York.  (*Id.* at ¶ 4.)

Autoliv ASP is an Indiana corporation with its principal place of business in Utah.  (Nellis Decl. Ex. C ¶ 4.)  It does not maintain offices in the state of New York or has any manufacturing plants in the state of New York.  (*Id.* at ¶ 7-8.)  Further, Autoliv ASP does not design or manufacture automobile component parts in the state of New York.  (*Id.* at ¶ 6, 9.)  The Autoliv Defendants do not conduct business or have any corporate presence in New York.  Consequently, the Autoliv Defendants do not have continuing, systematic or substantial contacts with the state of New York.

# STANDARD

Rule 12(b)(2) of the Federal Rules of Civil Procedures permits defendants to move to dismiss a lawsuit for lack of personal jurisdiction before serving a responsive pleading. FED. R. CIV. P. 12(b)(2). When a defendant moves to dismiss under Rule 12(b)(2), the plaintiff bears the burden of proving a basis of personal jurisdiction over the defendant. *See Universal Trading & Inv. Co. v. Credit Suisse (Guernsey) Ltd.*, 560 Fed. Appx. 52, 54 (2d Cir. 2014); *Penguin Group (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010); *Anchor v. Novartis Grimsby, Ltd.*, 282 Fed. Appx. 872, 874 (2d Cir. 2008); *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001). To overcome a Rule 12(b)(2) motion to dismiss, a plaintiff must convince the court that its factual allegations in the pleadings establish a *prima facie* showing of jurisdiction. *Dorchester Fin. Secs., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013). While courts must accept a plaintiff's well-pled factual allegations concerning jurisdiction, they are not required to accept as true legal conclusions expressed as factual allegations, or to draw argumentative inferences in favor of the plaintiff. *See Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998) (quoting *Papasan v. Attain*, 478 U.S. 265, 268 (1986)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d. Cir. 1994); *Byun v. Amuro*, No. 10-cv-5417, 2011 WL 10895122 at *3 (S.D.N.Y. Sept. 6, 2011); *Patel v. Patel*, 497 F. Supp. 2d 419, 423 (E.D.N.Y. 2007). District courts have discretion to decide on pretrial motions to dismiss for lack of personal jurisdiction on the basis of affidavits alone. *Dorchester*, 722 F.3d at 84.

Courts exercise two types of personal jurisdiction over a corporate defendant: general jurisdiction and specific jurisdiction. *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016). Both types of personal jurisdiction are bounded by constitutional due process guarantees, which require the exercise of jurisdiction to comply with "traditional notions of fair

play and substantial justice." *Brown*, 814 F.3d at 625. While general jurisdiction permits a court to adjudicate any cause of action against a corporate defendant, regardless of where it arises or who is the plaintiff, specific jurisdiction is only available where the plaintiff's cause of action arises out of the defendant's activities in, or contacts with, a state. *Id.* at 624; *Bristol-Myers*, 814 F.3d at 1780. In deciding whether there is personal jurisdiction over a defendant, federal courts rely on the law of the state in which they sit, so long as the law of that jurisdiction complies with Constitutional due process requirements. *See D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006); *see, e.g.*, *Brown* , 814 F.3d at 624 (indicating that federal courts look to the state law of the forum state to determine whether a federal district court has personal jurisdiction over a foreign corporation, in the absence of federal law stating otherwise). In New York, the C.P.L.R. governs personal jurisdiction. As a result, a plaintiff bringing an action against a defendant in a New York court must establish personal jurisdiction over the defendant under the New York long-arm statute, in addition to the Due Process clause.

Here, Plaintiff's claims against the Autoliv Defendants must be dismissed under Rule 12(b)(2) because Plaintiff fails to make a *prima facie* showing of personal jurisdiction over the Autoliv Defendants and any attempt to amend would be futile. The moving Defendants are not subject to general or specific jurisdiction consistent with the Constitution or New York law. There is no general jurisdiction over the Autoliv Defendants because, as Plaintiff concedes, neither defendant is incorporated in, or has its principal place of business in, New York. In addition, the Autoliv Defendants are not "at home" in New York for general jurisdiction purposes. *Daimler*, 134 S. Ct. at 751; *see also Bristol-Myers*, 137 S. Ct. at 1778. Specific jurisdiction is also lacking because there is no jurisdictionally-relevant connection between the

Autoliv Defendants, New York, and the events underlying Plaintiff's lawsuit. *See Walden*, 134 S. Ct. at 1121. As a result, the Complaint must be dismissed.

## ARGUMENT

**I.** **Plaintiff Fails to Establish *Prima Facie* General Jurisdiction over the Autoliv Defendants Because her Jurisdictional Allegations Are Insufficient to Demonstrate that these Defendants Are "Essentially at Home" in the State of New York and Any Attempt to Amend Would be Futile as the Moving Defendants are Not "at Home" in the State of New York.**

The requirements of the Due Process clause of the Constitution, as established in *Daimler* and reiterated in *Bristol-Myers*, make clear that New York courts do not have general personal jurisdiction over the Autoliv Defendants. A court's exercise of personal jurisdiction over a defendant is limited by the Due Process clause, which requires compliance with "traditional notions of fair play and substantial justice." *See Daimler*, 134 S. Ct. at 633; *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 323-324 (1945); *Brown*, 814 F.3d at 625; *see also LaMarca v. Pak-Mor Mfg. Co.*, 95 N.Y.2d 210, 213 (N.Y. 2000) (noting that plaintiffs must prove that personal jurisdiction is proper under the Constitution's Due Process clause, as well as under the New York long-arm statute for courts).

To establish general jurisdiction over a defendant, the plaintiff must demonstrate that the defendant's affiliations with the state are "so 'continuous and systematic' as to render it essentially at home in the forum." *BNSF*, 137 S. Ct. at 1552-1553; *Bristol-Myers*, 137 S. Ct. at 1780 (citing *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U.S. 915, 919 (2011)); *Daimler*, 134 S. Ct. at 761; *Brown*, 814 F.3d at 627. A corporation is essentially "at home" where it is incorporated or where it has its principal place of business, except in a "truly 'exceptional' case." *BNSF*, 137 S. Ct. at 1552; *Daimler*, 134 S. Ct. at 760. "Exceptional" circumstances may exist where a corporate defendant temporarily establishes its principal place

of business within the forum state. *See Daimler*, 131 S. Ct. at 756 (discussing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952), where a Philippine company had temporarily made Ohio its principal place of business, as an exceptional case where the defendant was deemed to be at home in Ohio, even though it was not incorporated in, and did not have its headquarters in, Ohio). However, a corporation is *not* deemed to be "at home" in "every State in which [it] engages in a substantial, continuous, and systematic course of business." *Daimler*, 134 S. Ct. at 761-62; *see also Bristol-Myers*, 137 S. Ct. at 1780 (citing *Daimler*, 134 S. Ct. at 760); *Sonera Holding B.V. v. Cukurova Holdings A.S.*, 750 F.3d 221, 226 (2d Cir. 2014), *cert. denied*, 134 S. Ct. 2888 (2014) ("[*Daimler* and *Goodyear*] make clear that even a company's engagement in a substantial, continuous, and systematic course of business is alone insufficient to register it at home in a forum.") (internal quotation marks omitted). The Court of Appeals for the Second Circuit has recognized the restrictions the Supreme Court established in *Daimler*. *See Brown*, 814 F.3d 619.

In *Daimler*, the Supreme Court held that the District Court for the Northern District of California lacked general personal jurisdiction over defendants Daimler A.G. and Mercedes-Benz USA, which were incorporated and headquartered outside of the state of California. 134 S. Ct. at 751. The Supreme Court based its decision on the fact neither Daimler nor Mercedes-Benz were incorporated under the laws of, or had their principal place of business in, California. *Id.* at 761. The Court reasoned that allowing general personal jurisdiction over the defendants in California would have made general personal jurisdiction available in every state in which the defendants' sales were sizable. *Id.* Following *Daimler*, Federal courts have noted that allowing general personal jurisdiction over corporations that are not essentially "at home" in the forum would "broadly and unfairly expose multi-state or multi-national corporations to [general

personal] jurisdiction in many states." *George v. Uponor Corp.*, 988 F. Supp. 2d 1056, 1079 (D. Minn. 2013); *see also Lexicon Med. v. SurgiQuest, Inc.*, 8 F. Supp. 3d 1122, 1127-28 (D. Minn. 2014) (holding based on *Bauman* that the sale of a product and regular service for that product within the forum did not establish general personal jurisdiction).

Federal courts around the country have come to the same conclusion in cases involving large corporations. For example, in *Fabara v. GoFit, LLC*, 308 F.R.D. 380 (D.N.M. May 28, 2015), the court granted the out-of-state defendant's motion to dismiss for lack of personal jurisdiction, concluding that even the "pervasive presence" of GoFit products on the shelves of New Mexico retailers "is not in and of itself the kind of activity that approximates physical presence within the state's borders." (internal quotation marks omitted). Similarly, in *Stroud v. Tyson Foods, Inc.*, 91 F. Supp. 3d 381 (E.D.N.Y. Mar. 10, 2015), the court found no general personal jurisdiction over an out-of-state defendant, even where it operated a manufacturing facility in New York, because this contact was insufficient to make it "at home" in New York, since it was one of hundreds of manufacturing plants the defendant operated nationwide. Also, in *Brown v. CBS Corp.*, 19 F. Supp. 3d 390 (D. Conn. 2014), the court dismissed the action against an out-of-state defendant for lack of personal jurisdiction, despite the fact that the defendant had employees working in the state, was leasing property in the state, had derived about $160 million in revenue in the state in the past few years, and had paid corporate income tax in the state. The court found that these contacts represented "only a small portion" of the defendant's overall business and finding these contacts were "less extensive and substantial" than those in *Bauman*. *Id.* at 398.

Here, Plaintiff fails to demonstrate that the Court has general personal jurisdiction over the Autoliv Defendants. She cannot demonstrate that the Autoliv Defendants' affiliations with

the state of New York are "so continuous and systematic as to render [them] essentially at home" in New York and make them subject to suit in this state for any and all claims unrelated to their activities within the state. This is because neither of the Autoliv Defendants can be deemed to be "at home" in the state of New York, as they are incorporated and have their principal place of business outside of the state of New York. Autoliv, Inc. is only "essentially at home" in Delaware, where it incorporated, and Stockholm, Sweden, where it has its headquarters. Meanwhile, Autoliv ASP is only "at home" in Indiana, its state of incorporation, and Utah, where its principal place of business is located. As a result, Plaintiff cannot demonstrate general jurisdiction over the Autoliv Defendants without offending the "traditional notions of fair play and substantial justice" enshrined in the Constitution.

Moreover, Plaintiff does not prove any "exceptional" circumstances that would permit New York courts to exercise general jurisdiction over the Autoliv Defendants. Plaintiff only presents generic and conclusory allegations that the Autoliv Defendants "develop, manufacture, market, sell and distribute automotive safety systems and airbag technology" in the U.S. and all over the world, and that they "are the designers, developers, manufacturers and distributors of the airbags and airbag components" of the Subject Vehicle. (Compl. Ex. A, at ¶ 23.) Plaintiff then describes Autoliv, Inc. as "the leading supplier of active and passive safety systems for the automobile industry both globally [*sic*] and in the United States," and states that Autoliv ASP manufactures, develops and distributes "airbag inflators, modules, airbag cushions…and knee bolster airbag systems for the automotive industry" in the U.S. and abroad. (*Id.* at ¶ 21-22.) All of these generic allegations are insufficient to demonstrate that the Autoliv Defendants are essentially at home in the state of New York. Notably, Plaintiff cannot show that the Autoliv Defendants set a temporary principal place of business in New York, which is the only situation

in which courts have asserted general jurisdiction over a corporate defendant despite the defendant's incorporation and holding of a principal place of business outside of the forum state. *See Daimler*, 131 S. Ct. at 756 (discussing *Perkins*, 342 U.S. 437).

As previously discussed, this Court has discretion to decide on the Autoliv Defendants' instant motion to dismiss based on affidavits alone. *See Dorchester*, 722 F.3d at 84. The moving defendants demonstrate, through the declarations of Lars Sjöbring and Anthony Nellis that they do not engage in designing, manufacturing, distributing or selling automobile component parts in New York. (*See* Sjöbring Decl. Ex. B; Nellis Decl. Ex. C.) As Plaintiff does not provide anything but legal conclusions couched as factual allegations in an attempt to plead general jurisdiction over the Autoliv Defendants, this Court must reject Plaintiff's allegations as insufficient, and decide this motion based on the supporting declarations submitted by the moving defendants. *See Jazini*, 148 F.3d at 185 (quoting *Papasan*, 478 U.S. at 268); *Robinson*, 21 F.3d at 507; *Byun v. Amuro*, 2011 WL 10895122, at *3; *Patel*, 497 F. Supp. 2d at 423. In addition, as evidenced by the attached declarations, any attempt to amend would be futile. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (indicating that dismissal under Rule 12(b)(6) motion is appropriate where granting leave to amend would be futile, i.e., where repleading would not cure the defect of the pleadings); *Techreserves Inc. v. Delta Controls, Inc.*, No. 13 Civ. 752 (GBD), 2014 U.S. Dist. LEXIS 47080, at *39-40 (S.D.N.Y. 2014) (denying the plaintiff's request for leave to amend and granting the defendant's motion to dismiss under Rule 12(b)(2), after finding that amending the pleadings would be futile); *Commun. Ptnrs. Worldwide v. Main St. Res.*, No. 04 Civ. 10003, 2005 U.S. Dist. LEXIS 14911 (S.D.N.Y. July 25, 2015) (dismissing plaintiff's action with prejudice, pursuant to Rule 12(b)(2) because the court found that it would be futile to allow plaintiff to replead). According to

*Daimler* and *Bristol-Myers*, and in conformance with Second Circuit precedent, the Autoliv Defendants are not "at home" in New York. Therefore, the defendants are not subject to general jurisdiction in the state of New York.

      **II.**    **Plaintiff Also Fails to Establish *Prima Facie* Specific Jurisdiction over the Autoliv Defendants Because her Jurisdictional Allegations Are Insufficient to Satisfy the "Minimum Contacts" Test and Any Attempt to Amend Would Be Futile.**

Because the Autoliv Defendants are not subject to the Court's general personal jurisdiction, Plaintiff may only maintain her claims against the moving defendants if she can prove specific jurisdiction. Plaintiff cannot maintain specific jurisdiction over the Autoliv Defendants because she cannot show that the defendants have jurisdictionally-relevant contacts with the state of New York.

In determining whether a court has specific jurisdiction over a non-resident defendant, courts focus on the relationship between the defendant, the forum and the litigation. *Walden*, 134 S. Ct. at 1121 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). Critically, "the defendant's suit-related conduct must create a *substantial connection* with the forum State." *Id.* (emphasis added). Contacts "between the plaintiff (or third parties) and the forum State" do not suffice, because "the plaintiff cannot be the only link between the defendant and the forum." *Id.* In addition, specific jurisdiction cannot arise based on the action of third parties. *See, e.g.*, *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 417 (1984) ("[u]nilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction."); *Stroud*, F. Supp. 3d at 389-390 (finding no authority to exercise specific personal jurisdiction over out-of-state defendants because the plaintiff's submissions were "void

of any allegations that Plaintiff's claims…arise out of the defendants' activities in the forum state").

A court may only exercise personal jurisdiction over a non-resident defendant where the defendant has certain "minimum contacts" with the forum state such that the exercise of jurisdiction does not offend Due Process guarantees. *See Bristol-Myers*, 137 S. Ct. at 1779-80; *Brown*, 814 F.3d at 625; *see e.g.*, *Deutsche Bank Securities, Inc. v. Montana Board of Investments*, 7 N.Y.3d 65, 71 (N.Y. 2006). Specific jurisdiction is properly exercised where a plaintiff demonstrates that her injuries triggering the litigation arise out of and are related to activities that are significantly and "purposefully directed" by the defendant at residents of the forum. *Overstock.com, Inc. v. New York State Department of Taxation and Finance*, 20 N.Y.3d 586, 596 (2013), *see also Walden*, 134 S. Ct. 1115.

To satisfy the "minimum contacts" test, a plaintiff must establish that (i) the defendant purposefully availed itself of the privileges and benefits of the laws of New York, *and* (ii) the litigation "arises out of" the defendant's purposefully availed contacts with New York. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 874-875 (2011) ("it is the defendant's purposeful availment that makes [specific] jurisdiction consistent with 'fair play and substantial justice' notions"); *Licci v. Lebanese Canadian Bank*, 20 N.Y.3d 327, 338 (N.Y. 2012); *Wilson v. Dantas*, 128 A.D.3d 176 (1st Dep't., Apr. 14, 2015) (emphasis added) (citing *Licci*, 20 N.Y.3d 327). In other words, specific jurisdiction requires plaintiffs to prove that their claims arise from the defendants' purposefully availed contacts with the forum, in this case, New York.

As a result, specific jurisdiction arises where the injuries triggering litigation are related to activities that are significantly and "purposefully directed" by the defendant at residents of the forum state. *See Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985) (noting that specific

jurisdiction is satisfied if the defendant has "'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities") (citations omitted); *Overstock.com*, 20 N.Y.3d at 596. Merely claiming injury within the forum state is insufficient to subject the defendants to litigation in the forum state. *Walden*, 134 S. Ct. at 1122; *Keeton*, 465 U.S. at 775; *see also Giduck v. Niblett*, 2014 COA 86, P22 (Colo. App. 2014) (plaintiffs' allegations that the defendants "all committed torts against [p]laintiffs here in Colorado, and the harm from those torts was felt here in Colorado by Colorado residents" were insufficient to establish specific personal jurisdiction) (internal quotation marks omitted); *Helicopteros Nacionales*, 466 U.S. at 414 n.8.

Here, Plaintiff cannot show that there are any substantial connections between her, the Autoliv Defendants and the state of New York. Though she has pled a connection between her own activities and the state of New York, she cannot demonstrate that the Autoliv Defendants engaged in any conduct related to this lawsuit that creates a *substantial connection* with the state of New York. This is because the Autoliv Defendants do not engage in designing, manufacturing, distributing or selling automobile component parts in New York. In fact, the Subject Vehicle and its component parts were brought to the state of New York only through the actions of other parties or third parties. As the Constitution does not grant specific jurisdiction based on the "activity of another party or a third person," or solely on the basis of a plaintiff's nexus with the forum, and Plaintiff cannot prove a substantial connection between the Autoliv Defendants and New York, there is no specific jurisdiction over these defendants. *See Walden*, 134 S. Ct. at 1122.

Additionally, Plaintiff is unable to meet the "minimum contacts" test. First, Plaintiff does not plead any facts indicating that the Autoliv Defendants engaged in any sort of purposeful

availment of the laws of New York. Indeed, the Autoliv Defendants have not "purposefully availed" themselves of the privilege of conducting business in New York. Even if the Autoliv Defendants had sold or shipped products to distributors, which have dealers who distribute or sell products in New York, this would be insufficient to satisfy the "purposeful availment" prong of the minimum contacts test. *See, e.g.*, *Amburgey v. Atomic Ski USA, Inc.*, No. 2:06-cv-149-GZS, 2007 U.S. Dist. LEXIS 36424 (D. Me. May 17, 2007) (finding that a foreign manufacturer did not purposefully avail itself of the forum by shipping products to distributor, which had a network of independent dealers that covered the forum state). Plaintiff only advances generic allegations that the Autoliv Defendants "develop, manufacture, market, sell and distribute automotive safety systems and airbag technology" in the U.S. and that they manufactured, designed and distributed the airbag system of the Subject Vehicle. This is insufficient to show purposeful availment of the privileges and benefits of the laws of the state of New York. Accordingly, Plaintiff is unable to establish specific jurisdiction under this prong of the "minimum contacts" test.

Second, Plaintiff cannot show that this litigation arises out of any activities or conduct by the Autoliv Defendants. Plaintiff did not even allege that the litigation arises from activities by the Autoliv Defendants in the state of New York. She merely claims that these defendants manufacture, design, sell and market vehicle safety systems and airbag technology in the U.S., and that they manufactured and designed the airbag system of the Subject Vehicle. There is no nexus between Plaintiff's allegations of a purportedly defectively designed airbag system and any activities or conduct by the moving defendants. Further, Plaintiffs' alleged injuries would have occurred whether or not the moving defendants did business in New York. It therefore

cannot be said that Plaintiff's claims "arise out of" the Autoliv Defendants' alleged activities here.

The activities Plaintiff claims the Autoliv Defendants conduct do not form any part of Plaintiff's claims. This is because Plaintiff's claims are based on an allegedly defective safety and airbag system that was not designed or manufactured within the state of New York. The alleged component parts that may have been included in the Subject Vehicle were sold to the company that designed, manufactured and initially sold the Subject Vehicle. Further, as discussed, the Subject Vehicle and its component parts were brought to New York State by parties other than the moving defendants, as the Autoliv Defendants do not manufacture, design or distribute products in New York. A third-party's action connected with the forum state is insufficient to create a basis for jurisdiction. *Walden*, 134 S. Ct. at 1125.

The fact that Plaintiff claims she suffered injuries in New York is insufficient to confer specific jurisdiction. *Walden*, 134 S. Ct. at 1125; *Keeton*, 465 U.S. at 775; *see also Giduck*, 2014 WL 2986670, at *6. Plaintiff simply cannot show that the suit "arise[s] or relate[s] to the defendant's contacts with the forum." *Helicopteros Nacionales*, 466 U.S. at 414 n.8. Plaintiffs' purchase of the Subject Vehicle and her subsequent injuries do not arise in any way from conduct of the Autoliv Defendants in New York, or any actions by the Autoliv Defendants directed purposely toward the state of New York. Accordingly, the Due Process clause prohibits the exercise of specific personal jurisdiction over the Autoliv Defendants.

**III.    Plaintiff Is Also Unable to Demonstrate that the Autoliv Defendants Are Subject to Specific Jurisdiction Under New York's Long-Arm Statute, C.P.L.R. Section 302.**

In addition to the aforementioned Due Process requirements, this Court must follow the C.P.L.R. because it must follow New York law in order to determine whether it has personal

jurisdiction over the moving defendants. *See D.H. Blair*, 462 F.3d at 104; *see, e.g.*, *Brown*, 814 F.3d at 624. New York's long-arm statute, C.P.L.R. Section 302, may not lower the Constitutional Due Process threshold of minimum contacts necessary for personal jurisdiction. The statute can only raise the threshold and restrict *in personam* jurisdiction even further than constitutionally mandated. The New York Court of Appeals has recognized that long-arm jurisdiction under C.P.L.R. Section 302 is meant to be narrower and more restrictive than the constitutional requirement for personal jurisdiction. *Ehrenfeld v. Bin Mahfouz*, 9 N.Y.3d 501, 512 (N.Y. 2007). In *Ehrenfeld*, the Court explained that the "the long-arm statute 'does not confer jurisdiction in every case where it is constitutionally permissible'" and "'a situation can occur in which the necessary contacts to satisfy due process are present, but *in personam* jurisdiction will not be obtained in this State because the statute does not authorize it.'" *Ehrenfeld*, 9 N.Y.3d at 512.

A defendant is subject to specific jurisdiction in New York if the plaintiff's allegations arise from the defendant's contacts with the state of New York. C.P.L.R. § 302(a)(1). Section 302 requires a plaintiff to establish that (i) the defendants transact business within the state, and (ii) the claim asserted arises from the defendant's business activity within the state. *Pincione v. D'Alfonso*, 506 Fed. Appx. 22, 24 (2nd Cir. 2012); *Sole Resort. S.A. de C.V. v. Allure Resorts Mgmt. LLC*, 450 F.3d 100, 103 (2d Cir. 2006) (emphasis added); *In re Dental Supplies Antitrust Litig.*, No. 16 Civ. 696 (BMC) (BRB), 2017 U.S. Dist. LEXIS 153265, at *22 (E.D.N.Y. Sept. 20, 2017); *Licci*, 732 F.3d at 168.

Here, Plaintiff cannot establish personal jurisdiction over the Autoliv Defendants under the New York long-arm statute because the moving defendants do not have any case-related contacts with New York. Plaintiff cannot satisfy either prong of the New York long-arm statute.

She does not plead that the Autoliv Defendants transact business in New York and, as discussed, she cannot demonstrate that her claims arise out of the defendants' activities within the state of New York.

## CONCLUSION

The Autoliv Defendants are not subject to personal jurisdiction in New York. Plaintiff is unable to establish a basis for general or specific jurisdiction over the Autoliv Defendants. First, the Autoliv Defendants are not incorporated in nor maintain their principal place of business within the state of New York. Second, there is no specific jurisdiction over the moving Defendants because the Autoliv Defendants are not "at home" in the state of New York, and Plaintiff's allegations do not arise out of any contact between the moving defendants and this forum. Any attempt to amend Plaintiff's pleadings would be futile based upon the declarations submitted on behalf of the Autoliv Defendants. Consequently, this Court must grant the Autoliv Defendants' Rule 12(b)(2) motion and dismiss Plaintiff's claims against these defendants for lack of personal jurisdiction.

Dated: New York, New York
     November 8, 2017

   Peter J. Fazio /s/
Peter J. Fazio (PJF 1211)
Walsy K. Sáez Aguirre (WS0759)
AARONSON RAPPAPORT
FEINSTEIN & DEUTSCH, LLP
*Attorneys for Defendants*
Autoliv, Inc. and Autoliv ASP, Inc.
600 Third Avenue
New York, NY 10016
pjfazio@arfd.com
wksaez@arfd.com
(212) 593-6700