UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
KIMBERLY GODOY,                                              **MEMORANDUM & ORDER**

              Plaintiff,                        16-CV-5502 (DRH) (SIL)

    -against-

BMW OF NORTH AMERICA, LLC;
BMW MANUFACTURING CO., LLC;
ZF TRW AUTOMOTIVE HOLDINGS CORP.,
AUTOLIV, INC. and AUTOLIV ASP, INC.
              Defendants.
---------------------------------------------------------X

**APPEARANCES:**

**For Plaintiffs:**
Amoroso & Associates
43 West 43rd Street, Suite 64
New York, New York 10036
By:    Dianne E. Malone, Esq.
        Dino G. Amoroso, Esq.

**For Defendants Autoliv, Inc. and Autoliv ASP, Inc.:**
Aaronson Rappaport Feinstein & Deutsch, LLP
600 Third Avenue
New York, New York 10016
By:    Peter J. Fazio, Esq.
        Walsy K. Saez Aguirre, Esq.

**HURLEY, Senior District Judge:**

Plaintiff Limberly Godoy ("Plaintiff" or "Godoy") commenced this action against BMW of North America, LLC, BMW Manufacturing Co., LLC (collectively "BMW"), ZF TRW Automotive Holding Corp. ("ZF"), Autoliv, Inc. ("Autoliv") and Autoliv ASP Inc. ("ASP") (collectively "Autoliv Defendants") asserting product liability, negligence and failure to warn claims arising out of an accident that occurred in Farmingdale, New York. According to the amended complaint, as a result of defects in the airbag system and electronic circuitry of her 2000 BMW, the airbags in the vehicle suddenly deployed while Plaintiff was driving, resulting in

injuries to her. Presently before the Court is the unopposed motion of the Autoliv Defendants pursuant to Fed. R. Civ. P. 12(b)(2) to dismiss the amended complaint for lack of personal jurisdiction. For the reason set forth below, the motion is granted.

## I. JURISDICTIONAL FACTS

The Amended Complaint ("AC") alleges that "[t]he Court has personal jurisdiction over each and every Defendant pursuant to applicable federal procedural law and New York Civil Practice Law § 301 and § 302. Further, it states:

> All defendants are either registered to do business in New York or do business in New York through a subsidiary, and each Defendant does substantial business in New York, has received substantial benefits from doing business in New York and has knowingly engaged in activities directed at consumers in New York. Furthermore, a substantial amount of Defendants' automobile marketing and sales occur in New York and the wrongful acts alleged in this lawsuit have affected the Plaintiff who engaged in transactions with Defendants in New York. The Defendants committed one or more tortuous acts within New York that injured Plaintiff within New York and lastly, personal jurisdiction is proper under the Due Process Clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States.

(AC ¶ 11.)

With respect to the moving Defendants, Plaintiff alleges that the Autoliv Defendants "develop, manufacture, market, sell and distribute automotive safety systems and airbag technology in the United States of America and for all automotive manufacturers in the world, including BWM Defendants," and that they "are the designers, developers, manufacturers and distributors of the airbags and airbag components" of the Subject Vehicle. AC ¶ 23.) Plaintiff alleges that the Autoliv Defendants' "manufactured parts initiate the process to activate seat belts pretensioners and to deploy airbags." (*Id*. at ¶ 73.)

Plaintiff describes Autoliv as a foreign corporation organized under the laws of Delaware with its principal place of business in Michigan and "the leading supplier of active and passive

safety systems for the automobile industry both globally and in the United States." (AC at ¶ 21.) She depicts ASP as a foreign corporation organized under the laws of Delaware with its principal place of business in Utah, that "engages in the manufacture, development and distribution of active and passive safety systems, including airbag inflators, modules, airbag cushions . . . and knee bolster airbag systems for the automotive industry in the United States and internationally." (*Id*. at ¶ 22.) Plaintiff claims "the airbag modules and/or airbags manufactured by Autoliv Defendants either caused or contributed to the inadvertent airbag deployment that forms the basis of this action." (*Id*. at ¶ 71.)

In support of their current motion, Autoliv Defendants have submitted uncontroverted evidence that

> (1) they did not, and have not, participated in the design, manufacture, supply or even the sale of any airbag systems, or the Subject Vehicle's airbag system, within the state of New York;
>
> (2) they were not involved in any activity at all relating to the manufacturing or sale of the Subject Vehicle, or its component parts, in the state of New York;
>
> (3) they do not have any offices in the state of New York;
>
> (3) as a holding company, Autoliv does not design, manufacture, assemble, sell, deliver, distribute, supply, furnish or test any products;
>
> (4) ASP does not have any manufacturing plants in the State of New York, does not have offices in New York and does not engage in the design, development, or manufacturing of vehicle component parts in New York.

(*See* Sjöbring Decl. Ex. B; Nellis Decl. Ex. C.)[1]

---

[1] According to Autoliv, its principal place of business is Stockholm, Sweden.

## II.  LEGAL STANDARD

In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007) (internal quotation omitted). To do so, the plaintiff must "plead[ ] good faith allegations sufficient to establish jurisdiction." *Newman v. Capitol Life Ins. Co.,* 45 F. Supp. 3d 376, 378 (S.D.N.Y. 2014); *accord Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.,* 722 F.3d 81, 85 (2d Cir. 2013). The plaintiff "must make allegations establishing jurisdiction with some 'factual specificity' and cannot establish jurisdiction through conclusory assertions alone." *Cont'l Indus. Grp. v. Equate Petrochemical Co.*, 586 Fed. Appx. 768, 769 (2d Cir. 2014). Courts may rely on additional materials outside the pleading when ruling on 12(b)(2) motions. *Minnie Rose LLC v. Yu*, 169 F. Supp. 3d 504, 510 (S.D.N.Y. 2016).

"In assessing whether personal jurisdiction is authorized, 'the court must first look to the long-arm statute of the forum state, in this instance New York.' " *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001) (quoting *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997)). If jurisdiction exists under New York law, then the court must determine whether asserting jurisdiction comports with the Fourteenth Amendment's due process clause. *Best Van Lines*, 490 F.3d at 241.

"In New York, general jurisdiction is governed by N.Y. CPLR § 301. Section 301 preserves the common law notion that a court may exercise general jurisdiction over a nondomiciliary defendant if the defendant is engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction." *Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 798 (S.D.N.Y. 2015) (internal quotation marks omitted) The Supreme Court has further made clear that, consistent with due process, a corporate defendant is

subject to general jurisdiction only in its (i) place of incorporation and (ii) principle place of business, unless (iii) the "exceptional case" exists in which the foreign defendant's contacts with the forum state is "so substantial and of such a nature as to render the corporation 'at home' in" the forum state. *SPV OSUS Ltd. v. UBS AG*, 114 F. Supp. 3d 161, 168 (S.D.N.Y. 2015), *aff'd* *522 882 F.3d 333 (2d Cir. 2018) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 134 S. Ct. 746, 761 n.19, (2014)).

Specific jurisdiction in New York is governed by CPLR § 302. The current motion vis a vis specific jurisdiction is premised on the argument that the requirements of CPRL 302(a)(1) have not been met. As plaintiff has not asserted that any other subsection of CPLR 302(a) is applicable, the Court will limit its discussion to that subsection. To determine whether it has specific jurisdiction under N.Y. CPLR § 302(a)(1), "a court must decide (1) whether the defendant 'transacts any business' in New York and, if so, (2) whether this cause of action 'aris[es] from' such a business transaction." *Best Van Lines, Inc.*, 490 F.3d at 246 (quoting *Deutsche Bank Sec., Inc. v. Montana Bd. of Invs.*, 7 N.Y.3d 65, 818 N.Y.S.2d 164, 850 N.E.2d 1140, 1142 (2006)). Under the first prong, the defendant must have transacted business "in such a way that it constitutes purposeful activity," i.e. "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Id*. at 253 (internal quotation marks omitted). Under the second prong, "a claim aris[es] from a particular transaction when there is some articulable nexus between the business transacted and the cause of action sued upon, or when there is a substantial relationship between the transaction and the claim asserted." *Id*. at 249 (internal quotation mark omitted).

**III.     The Motion to Dismiss is Granted.**

    **A.     General Jurisdiction is Lacking**

There is no general jurisdiction over the Autoliv Defendants. First, these defendants are neither incorporated nor have their principal places of business in New York. Additionally, Plaintiff has not alleged facts to support that their affiliations with New York are "so continuous as to render [them] essentially at home" in New York. Nor do there appear to be any "exceptional" circumstances that would permit the exercise of general jurisdiction over the Autoliv Defendants in New York. *See Minnie Rose*, 169 F. Supp. 3d at 512-13. Indeed the lack of exceptional circumstance is supported by Plaintiff's failure to oppose the instant motion.

    **B.     Specific Jurisdiction is Lacking**

In determining whether a court has specific jurisdiction over a non-resident defendant, courts focus on the relationship between the defendant, the forum and the litigation. *Walden v. Fiore*, 134 S. Ct. 1115, 1121. (2014). "Specific jurisdiction is available when the cause of action sued upon arises out of the defendant's activities in the state." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 629 (2d Cir. 2016). Critically, "the defendant's suit-related conduct must create a substantial connection with the forum state." *Walden*, 134 S. Ct. at 1121. Contacts "between the plaintiff (or third parties) and the forum State" do not suffice, because "the plaintiff cannot be the only link between the defendant and the forum." *Id*. In addition, specific jurisdiction cannot arise based on the action of third parties. *See, e.g., Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 417 (1984) ("[u]nilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction."); *Stroud v. Tyson Foods, Inc*., 91 F. Supp. 3d 381, 389-390 (E.D.N.Y. 2015) (finding no authority to exercise specific personal jurisdiction

over out-of-state defendants because the plaintiff's submissions were "void of any allegations that Plaintiff's claims . . . arise out of the defendant's activities in the forum state.)

Measured against the foregoing, the allegations of the amended complaint are insufficient to sustain the exercise of specific jurisdiction. Absent are any allegations that these defendants transact business in New York and that Plaintiff's claim regarding the airbag and electronic circuitry arise out of Autoliv Defendants' New York activities. *See Stroud*, 91 F. Supp. 3d at 389-90.

## IV. Conclusion

The motion of defendants Autoliv, Inc. and Autoliv ASP, Inc. pursuant to Fed. R. Civ. P. 12(b)(2) to dismiss the amended complaint as against them for lack of personal jurisdiction is granted.

**SO ORDERED.**

Dated: Central Islip, New York
May 23, 2018
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　s/   Denis R. Hurley
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Denis. R. Hurley
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge