```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――X
KIMBERLY GODOY
                                                              **MEMORANDUM & ORDER**
                    Plaintiff,                                 16-CV-5502(DRH)(SIL)

       -against-

BMW OF NORTH AMERICA, LLC; BMW
MANUFACTURING CO., LLC; ZF TRW
AUTOMOTIVE HOLDINGS CORP., and
AUTOLIV INC.

                    Defendants.
―――――――――――――――――――――――X
```

**APPEARANCES:**

**For Plaintiff:**
AMOROSO & ASSOCIATES, P.C.
43 West 43rd Street, Suite 500
New York, N.Y. 10036
By:    Dino G. Amoroso, Esq.

**For Defendant ZF TRW Automotive Holding Corp:**
LITTLETON JOYCE UGHETTA PARK & KELLY LLP.
4 Manhattanville Road, Suite 202
Purchase, New York 10577
By:    Brian Keith Gibson, Esq.
       James Ughetts, Esq.

WEINSTEIN TIPPETTS & LITTLE LLP
7500 San Felipe, Suite 500
Houston, Texas 77063
By: David. B. Weinstein, Esq.
    Deborah Clinebell, Esq.

**HURLEY, Senior District Judge**:

      Plaintiff Kimberly Godoy ("Plaintiff" or Godoy") commenced this action against BMW

North America, LLC, BMW Manufacturing Co., LLC (collectively "BMW"), ZF TRW

Automotive Holding Corp. ("ZF"), and Autoliv ASP Inc. ("ASP")[1] asserting product liability, negligence, and failure to warn claims arising out of an accident that occurred in Farmingdale, New York. According to the amended complaint, in July 2015, as a result of defects in the airbag system and electronic circuitry of her 2000 BMW, the airbags in the vehicle suddenly deployed while Plaintiff was driving, resulting in injuries to her. Presently before the Court is ZF's motion pursuant to Fed. R. Civ. P. 12(b)(2) to dismiss the amended complaint for lack of personal jurisdiction. For the reason set forth below, the motion is granted.

## BACKGROUND

**I.  Jurisdictional Allegations in the Amended Complaint**

The Amended Complaint ("AC") alleges that "[t]he Court has personal jurisdiction over each and every Defendant pursuant to applicable federal procedural law and New York Civil Practice Law § 301 and § 302. It further states:

> All defendants are either registered to do business in New York or do business in New York through a subsidiary, and each Defendant does substantial business in New York, has received substantial benefits from doing business in New York and has knowingly engaged in activities directed at consumers in New York. Furthermore, a substantial amount of Defendants' automobile marketing and sales occur in New York and the wrongful acts alleged in this lawsuit have affected the Plaintiff who engaged in transactions with Defendants in New York. The Defendants committed one or more tortious acts within New York that injured Plaintiff within New York and lastly, personal jurisdiction is proper under the Due Process Clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States.

(AC ¶ 11).

According to the Amended Complaint, ZF, which is incorporated in Delaware and has its principal place of business in Michigan, markets, sells, and distributes active and passive safety restraints and technology, including airbags and airbag components, throughout the United States

---

[1] A motion to dismiss Autoliv ASP Inc. for lack of personal jurisdiction was granted, unopposed, and thus Autoliv ASP Inc. is no longer a party.

to various Original Equipment Manufacturers ("OEM's") including BMW Defendants. It is alleged that ZF (and Autoliv) designed, developed, manufactured and distributed the airbags contained in the Vehicle that is the subject of this litigation. (AC ¶¶ 20, 22.)

## II. Facts Offered by ZF in Support of Its Motion

ZF argues it is not subject to either general or specific jurisdiction in this Court. ZF alleges that it is neither "at home" in New York nor has it "purposefully directed" its activities at New York. In support of its motion to dismiss for lack of personal jurisdiction, ZF offers admissible evidence supporting the following facts:

(1) ZF's principal place of business is in Michigan and it is incorporated in Delaware;

(2) ZF does not, and is not required to, maintain a registered agent for service of process in New York;

(3) ZF does not conduct business in New York and does not have any personal or real property in New York;

(4) ZF did not supply any content for the subject model 2000 BMW Model 328i;

(5) ZF does not design or manufacture any products and it is a holding company that is corporate layers above any entity that designs or manufacture products.

(6) TRW Automotive U.S. LLC ("LLC"), (a different entity from defendant ZF), is a limited liability company, organized under the laws of Delaware with its principal place of business in Michigan. Its sole member is TRW Automotive Inc. a Delaware Corporation with its principal place of business in Michigan;

(7) LLC has eight manufacturing facilities in the United States, only one of which is located in New York; but, LLC's facility in New York manufactures remote

keyless entry systems, tire pressure monitoring systems, and passive entry systems. LLC's New York facility does not design, manufacture, distribute, or sell any seat weight sensors, seat position sensors, seat belt pretensioners, seat belt buckle switches, airbag crash sensors, airbag control units, airbag warning lamps, airbag power supply wires, airbag communication wires, airbag inflators, airbag modules, or any other airbag system components.

(8) LLC did not produce components for the airbags that are the basis for this litigation and did not design, manufacture, distribute, or sell any components of the subject 2000 BMW 528i.

(9) A photograph supplied by Plaintiff's counsel demonstrates that the "TRW" entity that made the airbag inflators for the rear of the vehicle was "TRW Airbag Systems GmbH."

(Simons Declar. ¶¶ 4-6; Goodman Declar. ¶¶ 5-8; Ex. B to Weinstein Declar.)

### III. Allegations Offered by Plaintiff in Support of Jurisdiction

Preliminarily, the Court is constrained to note that absent from Plaintiff's papers is a cohesive presentation of the facts that it relies upon for its jurisdictional argument. Instead, "facts" are scattered throughout her memorandum of law, the sources of which are, for the most part, unidentified. Even where the "general" source of information is set forth[2], no supporting documentation is provided to the Court.[3] Adding to the difficulties engendered by Plaintiff's failure to provide a cogent set of jurisdictional facts, is the similarity of the names of the entities

---

[2] For example, Plaintiff's brief references "public filings" without setting forth the type of public filing, its date, or even whether the filing was by defendant ZF or some allegedly related entity. *See, e.g.*, Pl.'s Opp. Mem. at 3.
[3] What was submitted was an affirmation from Plaintiff's counsel baldly asserting that he is "personally acquainted with the facts set forth in my brief based on my review of facts and information developed during my prosecution of this litigation." (DE 64-1).

referenced and Plaintiff's failure to be consistent in how each entity is referenced. The information set forth below is that which the Court has been able to discern from Plaintiff's presentation.

ZF is a holding company that holds stock in various subsidiaries owned by its parent, ZF Friedrichshafen AG ("Parent"). These subsidiaries were allegedly acquired by Parent in 2015 through its purchase of TRW Automotive Inc. ("Automotive").[4] At that time Automotive operated manufacturing plants and R&D facilities throughout the United States, including New York. Plaintiff asserts that Automotive produced, among other things, passive and active safety restraint, such as air bags, for motor vehicles. The nature of the Automotive's operations in New York, however, are not identified. Rather, Plaintiff maintain that Automotive's products were "sold throughout New York State," either as original in a vehicle manufactured by an unrelated entity or as replacement equipment sold through an unaffiliated retailer. (Pl.'s Opp. Mem. at 4-5.) After the purchase, Parent created seven business divisions, including the "Active & Passive Safety Technology" division which continues the business activities of TRW Automotive, acquired in May 2015. That division includes TRW Automotive U.S. LLC ("LLC"), which has a facility in Auburn, New York, and which Plaintiff asserts is a "wholly owned subsidiary" of Parent. (Pl.'s Opp. Mem. at 5.)[5] According to Plaintiff, Parent controls both LLC and Defendant ZF because (1) it has the capacity to influence their major business decisions; (2) one of Parent's board members is the CEO of Defendant ZF, as well as the head of the operating division that

---

[4] According to Plaintiff, TRW Inc. was renamed TRW Automotive Holding Corp. in 2004 after its purchase by the Blackstone Group LP from Northrup Grumman in 2002. (Pl.'s Opp. Mem. at 6.) She further asserts that after its purchase by Parent, TRW Automotive Holding Corp. was "renamed" defendant ZF, although nothing to support that assertion is provided.

[5] At another point in her brief, Plaintiff states, without support, that ZF operates as a holding company for Parents's "American based operations." (Pl.'s Opp. Mem. at 5.)

included all North America Facilities; (3) the finances of both ZF and LLC are intertwined with that of Parent; and (4) Parent has created a single corporate image that subsumes its subsidiaries.

Finally, the Court notes that although Plaintiff asserts that the entity "TRW Inc." manufactured the airbags that caused her injuries (*see, e.g,* DE 64 at 1; *see also* DE 80 at 1 (asserting that "TRW Automotive Inc. manufactured the airbags and its components"))  and that the airbags in the rear of the vehicle were "clearly stamped and bore the markings of Defendant ZF" (DE 80 at 1), nothing to support that assertion has been provided to the Court. Indeed, the record before this Court demonstrates only that an airbag inflator was supplied by "TRW Airbag Systems GmbH," a German entity that is not discussed in Plaintiff's submission.

## DISCUSSION

I.         Standard – Rule 12(b)(2) Motion

On a motion to dismiss under Rule 12(b)(2), the plaintiff bears the burden of establishing jurisdiction over the defendant. *See Metro. Life Ins. Co. v. Robertson–Ceco Corp.,* 84 F.3d 560, 566 (2d Cir. 1996).  Courts may rely on additional materials outside the pleading when ruling on a 12(b)(2) motion. *Minnie Rose LLC v. Yu*, 169 F. sup.3d 504, 510 (S.D.N.Y. 2016). Where, as here, the parties have not yet conducted discovery, a plaintiff may defeat a defendant's Rule 12(b)(2) motion "by making a prima facie showing of jurisdiction by way of the complaint's allegations, affidavits, and other supporting evidence."  *Mortg. Funding Corp. v. Boyer Lake Pointe, L.C.*, 379 F. Supp. 2d 282, 285 (E.D.N.Y.2005).  Moreover, given the early stage of the proceedings here, the Court must view the pleadings in the light most favorable to the plaintiff, *see Sills v. The Ronald Reagan Presidential Found., Inc.,*2009 WL 1490852, *5 (S.D.N.Y. May 27, 2009), and when evidence is presented, "doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party," *A.I. Trade Fin., Inc. v. Petra*

*Bank,* 989 F.2d 76, 80 (2d Cir. 1993). A court need not, however, "draw argumentative inferences in the plaintiff's favor," nor "accept as true a legal conclusion couched as a factual allegation." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (quoting *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) *and Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998)). Thus, the plaintiff "may not rely on conclusory statements without any supporting facts, as such allegations would 'lack the factual specificity necessary to confer jurisdiction.' " *Art Assure Ltd., LLC v. Artmentum GmbH*, 2014 WL 5757545, at *2 (S.D.N.Y. Nov. 4, 2014) (quoting *Jazini* 148 F.3d at 185); *accord Cont'l Indus. Grp. V. Equate Petrochemical Co.*, 586 F. App'x 768, 769 (2d Cir. 2014) (A plaintiff "must make allegations establishing jurisdiction with some factual specificity and cannot establish jurisdiction through conclusory assertions alone.") (internal quotation marks omitted).

## II.     Personal Jurisdiction Generally

In a diversity case, a federal district court exercises personal jurisdiction over a party in accordance with the law of the forum state, subject to the requirements of due process under the United States Constitution. *See Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001). Due process requires that the defendant have certain "minimum contacts" with the forum state; such minimum contacts assure that a defendant "will only be subjected to the jurisdiction of a court where the maintenance of a lawsuit does not offend traditional notions of fair play and substantial justice." *Waldman v. Palestine Liberation Org.*, 835 F.3d 317 (2d Cir. 2016) (internal quotation marks omitted). In assessing a defendant's contact with the forum state for due process purposes, "the crucial question is whether the defendant has purposefully availed itself of the privilege of conducting activities within the forum Sate, thus invoking the benefits and protects of its laws," and therefore "should reasonably anticipate being haled into court

there." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242-32 (2d Cir. 2007). (internal citations and quotation marks omitted).

In New York, courts may exercise either general or specific jurisdiction over defendants.

A.  **General Jurisdiction**

"In New York, general jurisdiction is governed by N.Y. CPLR § 301. Section 301 preserves the common law notion that a court may exercise general jurisdiction over a nondomiciliary defendant if that defendant is engaged in such a continuous and systematic course of doing business here to warrant a finding of its presence in this jurisdiction." *Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 798 (S.D.N.Y. 2015); *see Sonera Holding B.V. v. Cukorova Holding, A.S.*, 750 F.3d 221, 224 (2d Cir. 2014). "Defendant's 'continuous activity of some sort[ ] within a state ... is not enough to support the demand that the corporation be amendable to suits unrelated to that activity.' Rather, a corporation's 'affiliations with the State' must be 'so continuous and systematic' as to render it essentially at home in the forum State." *Mali v. British Airways*, 2018 WL 3329858, at *5 (S.D.N.Y., July 6, 2018) (quoting *Goodyear Dunlop Tires Ops. v. Brown*, 564 U.S. 915, 919, 927 (2011). The Supreme Court has made clear that, consistent with due process, a corporate defendant is subject to general jurisdiction only in its (i) place of incorporation and (ii) principal place of business, unless (iii) the "exceptional case" exists in which the foreign defendant's contacts with the forum state is "so substantial and of such a nature as to render the corporation 'at home' in" the forum state. *SPV OSUS Ltd. v. UBS AG*, 114 F. Supp. 3d 161, 168 (S.D.N.Y. 2015), *aff'd,* 882 F.3d 333 (2d Cir. 2018) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 134 S. Ct. 746, 761 n.19, (2014). If general jurisdiction exists, courts in New York can adjudicate *all* claims against an individual or a corporation, even

those unrelated to its contacts with the state. *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014).

### B. Specific Jurisdiction

Specific jurisdiction in New York is governed by CPLR § 302. The existence of specific jurisdiction "depends on an affiliation between the forum [state] and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks and citations omitted); *see Powell v. Monarch Recovery Management, Inc.*, 2016 WL 8711210, at *6 (E.D.N.Y. 2016) (New York's long-arm statute requires that the claim asserted arise from the activity asserted). New York's "long-arm" statute, allows for specific jurisdiction over non-domiciliaries " who, in person *or through an agent* . . . (i) transacts business within the state or contracts anywhere to supply goods or services in the state, (ii) commits a tortious act within the state . . . [or] (iii) commits a tortious act without the state causing injury to person or property within the state" if the claim arises from those transactions. N.Y. CPLR ¶ 302.

### II. Plaintiff has not Demonstrated General Jurisdiction Exists over Defendant ZF[6]

In considering whether a foreign corporation is "doing business" in New York so as to be subject to general jurisdiction, courts look at indicia such as whether the company has an office in the state; whether there is other property in the state such as a bank account; whether it has permanent employees or a phone listing in the state. *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 98-99 (2d Cir. 2000). None of these indicia are present here. ZF is a Delaware corporation with

---

[6] Although not free from doubt, Plaintiff's consistent reference to "transacting business" would seem to indicate that it is asserting the existence of only specific jurisdiction. For completeness, the Court addresses the existence of both general and specific jurisdiction.

its principal place of business is in Michigan and it does not conduct business in New York or have any personal or real property in New York. Thus personal jurisdiction under CPLR 301 does not lie against ZF by virtue of its own New York directed activities. Moreover, assuming arguendo that Automotive sold vehicle products to vehicle manufacturers or retailers throughout the United States, such does not provide a basis for jurisdiction. *See McIntyre Mach. Ltd. v. Nicastro*, 564 U.S. 873, 879, 881 (2011) (rejecting idea that a manufacturer is subject to personal jurisdiction in a specific state because its products are distributed nationwide). Finally, even if LLC is a subsidiary of ZF, "that does not render [ZF] essentially at home" in New York. *Jensen v. Cablevision Sys. Corp.*, 2017 WL 4325829 (E.D.N.Y. Sept. 17, 2017) (citing *Hecklerco, LLC v. YuZoo Corp Ltd.*, 2017 WL 2294606, at *5 (S.D.N.Y. May 11, 2017)).

To the extent Plaintiff argues that ZF is subject to general jurisdiction on the basis that LLC is a mere department or agent of ZF, *see,e.g., Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.,* 751 F.2d 117 (2d Cir. 1984) (setting forth the factors for determining whether a subsidiary is a mere department) and *Cutco Indus. Inc. v. Naughton*, 806 F.2d 361, 366 (2d Cir. 1986) (setting forth analysis for agency), her argument is underwhelming. Among other things,[7] her argument is premised on the relationship between Parent and ZF and Parent and LLC and not on ZF's relationship to LLC. (*See* Pl.'s Opp. Mem. at 7-9.) *Cf. Letom Mgmt. Inc. v. Centaur Gaming LLC*, 2017 WL 4877426, at *4 (rejecting general jurisdiction based on activities of defendant's affiliate where plaintiff did not provide facts indicating the importance of the affiliate to the defendant, the nature of the business transacted for the benefit of defendant, and defendant's control over affiliate.)

---

[7] The Court notes that it is unclear whether agency as a basis for general jurisdiction survives the Supreme court's decision in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014). *See Sonera*, 750 F.3d at 225.

### III. Plaintiff Has Not Demonstrated Specific Jurisdiction over Defendant ZF

As noted above, specific jurisdiction requires that the claim asserted arise from the activity asserted. That requirement is fatal to plaintiff's position that specific jurisdiction exists.

Assuming that LLC transacts business in New York and that that activity can be imputed to ZF because LLC is the agent of ZF, LLC's activity in New York are unrelated to the claim at issue. The uncontroverted evidence is that LLC's New York facility does not design, manufacture, distribute, or sell any seat weight sensors, seat position sensors, seat belt pretensioners, seat belt buckle switches, airbag crash sensors, airbag control units, airbag warning lamps, airbag power supply wires, airbag communication wires, airbag inflators, airbag modules, or any other airbag system components. Additionally, LLC did not produce components for the airbags that are the basis for this litigation and did not design, manufacture, distribute, or sell any components of the subject 2000 BMW 528i. *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 625 (2d Cir. 2016). ("Specific jurisdiction is available when the cause of action sued upon arises out of the defendant's activities in the state.") *See generally Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 249 (2d Cir. 2007) ("New York courts have held that a claim 'aris[es] from a particular transaction when there is some 'articuable nexus between the business transacted and the cause of action sued upon,' or when 'there is a substantial relationship between the defendant and the claim asserted.'" (quoting *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt.*, 450 F.3d 100, 103 (2d Cir 2006)).

Moreover, as there is no information to support an inference that TRW Airbag Systems GmbH has any presence in New York or is an agent of ZF, subsection 2 and 3 of

CPLR 302 (regarding torts committed in the state and those committed outside the state having an effect therein) do not apply.

## IV. Jurisdictional Discovery is Denied

Plaintiff requests that the motion be denied so that he may take jurisdictional discovery. The Court recognizes that it has discretion to order jurisdictional discovery. *See, e.g.*, *Leon v. Shmukler*, 992 F. Supp. 2d 179, 194-96 (E.D.N.Y.2014). However, jurisdictional discovery is only appropriate when Plaintiff has asserted "specific, non-conclusory facts that, if further developed, could demonstrate substantial state contacts." *Leon*, 992 F. Supp. 2d at 195 (quoting *Texas Int'l Magnetics, Inc. v. BASF Aktiengesellschaft*, 31 F. App'x. 738, 739 (2d Cir. 2002) (unpublished opinion); *see also Manhattan Life Ins. Co. v. A.J. Stratton Syndicate (No. 782)*, 731 F. Supp. 587, 593 (S.D.N.Y.1990) ("[P]laintiffs are entitled to discovery regarding the issue of personal jurisdiction if they have made a sufficient start, and shown their position not to be frivolous").

Here, Plaintiff has not made a "sufficient start" in showing that this Court has personal jurisdiction over Defendant ZF. Plaintiff has not provided the Court with any reason to infer that an opportunity to develop the record would be anything other than frivolous. Moreover, the request for jurisdictional discovery is incongruous given that Plaintiff agreed to stay discovery against ZF during the pendency of this motion. (*See* DE 70.) Accordingly, Plaintiff's request for jurisdictional discovery is denied.

## CONCLUSION

For the reasons set forth above, ZF's motion pursuant to Fed. R. Civ. P. 12(b)(2) to dismiss the amended complaint as against it for lack of personal jurisdiction is granted.

Dated: Central Islip, New York
       September 25, 2018                          s/ Denis R. Hurley
                                                             Denis R. Hurley
                                                             United States District Judge